### ANN L. BOYD *v.* WARD BOYD ET AL.

Land—Decretal Sale—Commmissioner Attorney for Purchaser—Preventing Competition.

A sale, made by an administrator, acting as commissioner, who was the attorney for the purchaser, coupled with the fact that the purchaser appealed to the sympathies of other bidders, cannot be sustained by a court of equity.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

May 25, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

Whether the court erred in setting aside the sale of the land in Marshall county, seems to be the only question necessary to be determined on this appeal. Waiving some irregularities in the proceeding by constructive service, against Ward Boyd and others, by the appellant, we are of the opinion for other reasons, that the court properly vacated the said sale of land in Marshall county. Although Husbands, the administrator of Linn Boyd, deceased, and commisisoner to make the sale, may have acted in good faith, the fact that he had been the counsel for Mrs. Boyd, and apparently

acted as such after he became the administrator, and in that capacity a defendant to the suit, must subject his action as commissioner to scrutiny. We are not satisfied from the evidence that the land under his management was not sold for less than its fair value, and whatever reason the appellant may have had to complain of the conduct of the executors, Boyd and Johnson, and to seek reparation for real or supposed wrongs, by preventing competition at the sale, by means of appeals to the sympathies of other bidders and those who might otherwise have become bidders against her, for the land, we cannot under all the circumstances regard her purchase as one which ought to be sustained in a court of equity.

Wherefore, the judgment is affirmed.

*Husbands, T. N. Lindsey, for appellant.*

*W. Lindsay, for appellees.*

